833 F.2d 1024
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re John B. GLEN and Roger James.
 No. 87-1317.
 United States Court of Appeals, Federal Circuit.
 Oct. 29, 1987.
 
 Before MARKEY, Chief Judge, RICH, Circuit Judge, and BALDWIN, Senior Circuit Judge.
 DECISION
 RICH, Circuit Judge.
 
 
 1
 The decision of the Patent and Trademark Office Board of Patent Appeals and Interferences (board), affirming the rejection under 35 USC 103 of claims 24, 25, 27, 28, 30, 31, 33, and 34 in appellants' application Serial No. 497,768, filed April 4, 1983, is affirmed.
 
 OPINION
 
 2
 The board found that the claims on appeal are for essentially the same subject matter which this court found prima facie obvious in a prior appeal, No. 82-564 (Fed.Cir. Oct. 19, 1982). The only differences are that the claimed compositions are required to be "homogeneous" and that certain claims are directed to sealed ampules containing the composition.*
 
 
 3
 The board found nothing in the record that would indicate any significance in these distinctions. Nor do we. As this court previously held that it would have been obvious to make Buc's composition in the form of a sterile oil-in-water emulsion, it would similarly have been obvious to make the emulsion homogeneous and to seal it in an ampule to maintain its sterility.
 
 
 4
 Appellants submitted new evidence in an attempt to rebut the prima facie case of obviousness. The board considered in particular The Pharmacopeia (1970) reference and the Glen declaration and concluded that neither established the unobviousness of the claimed composition. We agree.
 
 
 5
 The Pharmacopeia discloses that non-sterile solutions should not be administered parenterally. This is not the same, however, as teaching that compositions for oral or topical administration, as in Buc, need never be sterilized. In fact, The Pharmacopeia states that a sodium chloride solution, which is still not suitable for injection, may be sterilized.
 
 
 6
 The Glen declaration is inadequate for the reason given in the prior decision. In his declaration, Glen compares 26D with two of its isomers as an anaesthetic. The basis for the court's prior decision, however, was that it would have been obvious to sterilize the composition for Buc's utility. In response to the assertion that the composition had unexpected or unobvious properties as an anaesthetic, the court said:
 
 
 7
 While it is true that the composition "is an anaesthetic," it is the admittedly old 26D which imparts to it that anaesthetic utility. Sterilization has nothing to do with the effectiveness of 26D (with or without inert carrier) as an anaesthetic. It merely enables it to be safely used internally. Appellants have not demonstrated that it would have been unobvious from Buc's teaching of internal therapeutic use to sterilize the composition....
 
 
 8
 Additional evidence of the acceptance of 26D in the medical community as an anaesthetic and its superiority over other anaesthetics fall short for the same reason. We conclude, as the board did, that appellants have not overcome the prima facie case of obviousness.
 
 
 
 *
 Appellants also argue pH limitations (claim 25) and the amount of 26D (all claims). Claims subject to the rejection affirmed in the prior appeal contained the identical limitations